NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 1 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KULBHUSHAN KUMAR,<br><br>  Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>  Respondent. | No.   15-73288<br><br>Agency No. A072-143-183<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2016**

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Kulbhushan Kumar, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2010), and we review de novo due process claims in immigration proceedings, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review.

We deny Kumar's opposed motion to supplement the record on appeal. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

The BIA did not abuse its discretion in denying Kumar's motion to reopen as untimely where the motion was filed over two years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Kumar failed to demonstrate material changed circumstances in India to qualify for a regulatory exception to the time limitations for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 991-92 (evidence must be "qualitatively different" to warrant reopening). Kumar's contentions that the BIA overlooked his facts and claims are unpersuasive. *See Najmabadi*, 597 F.3d at 990 (BIA "does not have to write an exegesis on every contention").

The BIA also did not abuse its discretion in denying Kumar's untimely motion to reopen based on ineffective assistance of counsel, where Kumar did not establish the due diligence required for equitable tolling of the filing deadline. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is

15-73288

available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as petitioner exercises due diligence in discovering such circumstances).

Kumar's contention that the BIA's denial of his motion to reopen violated due process is unpersuasive. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Finally, we deny Kumar's renewed request for a stay of removal pending review.

**PETITION FOR REVIEW DENIED.**